## CIRCUIT COURT OF CITY OF VIRGINIA BEACH

Bank of Virginia Beach

v.

Hirsch-Chemie, Ltd., et al.

July 25, 1984

Case No. (Law) 315

By JUDGE BERNARD G. BARROW

The defendant has demurred to the plaintiff's Amended Petition for Attachment. I have concluded that it should be sustained.

This matter allegedly arises out of a series of negotiable promissory notes payable to the plaintiff. Four of them were guaranteed by the defendant, Hirsch-Capital Corp., and four of them were guaranteed by the defendant. Hirsch-Chemie, Limited. The makers of the notes were two other corporations.

These were demand obligations, and on February 14, 1984, the plaintiff made demand on the two corporate makers. In response, Richard Hirschfeld, who was registered agent, stockholder, and officer of all four corporations, paid the notes from his "personal trust account." At that time he requested the plaintiff's vice president not to mark the instruments paid in full but to assign them to a fifth corporation, Pan Nordic Holdings S.A. The vice president did this, but did not include the language "without recourse" or any other qualification.

The Amended Petition further alleges that Hirschfeld "fraudulently failed to bring such omission" to the plaintiff's attention. It also alleges that these instruments "have been negotiated to third parties unknown."

The Amended Petition adds to the language contained in the original, to which a demurrer has already been sustained, only the assertion that, "[a]s a result of the aforesaid willful and fraudulent acts, BVB is immediately liable to third person holder(s) in due course."

The Amended Petition does not describe the terms of the guarantee agreement executed by the defendants, nor does it describe the terms of the negotiable promissory notes. Therefore, the sufficiency of the plaintiff's claim against the defendants must be determined from those obligations imposed by operation of law without regard to any modification of those obligations by virtue of the terms of the guarantee agreement or the notes themselves.

A demand for payment is necessary to charge any endorser of a negotiable instrument. See Va. Code Secs. 8.3-501 and 8.3-504 (1965). The petition contains no allegation that demand for payment has been made. Therefore, based on the factors asserted in the Amended Petition, the plaintiff cannot now be charged with liability for the instruments.

Furthermore, such an instrument must be dishonored and any endorser must be given notice of the dishonor before an endorser may be held liable. See Va. Code Secs. 8.3-507 and 8.3-501 (1965). The Amended Petition does not allege any dishonor or notice of dishonor of the notes. Therefore, the plaintiff's liability on these notes is contingent.

Since the potential liability of the plaintiff is contingent, the plaintiff has no claim to assert against the defendants at this time. Therefore, the petition failed to state a claim upon which relief can be granted, and the Demurrer should be sustained. The plaintiff should be given ten days in which to amend its petition.